# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CR-626 CAS |
| v. ) | |
| PAUL BOSCH, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge Terry I. Adelman. On February 21, 2007, Judge Adelman filed a Memorandum and Recommendation of United States Magistrate Judge, which recommended that defendant's Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction, Motion to Suppress Statements, and Motion to Suppress Evidence be denied. Defendant filed objections to the Magistrate Judge's findings of fact and conclusions of law. The Court will address each in turn.

**Discussion**.

    **A. Motion to Dismiss Indictment**.

Defendant did not file any objections to the Magistrate Judge's recommendation that defendant's motion to dismiss the indictment for lack of subject matter jurisdiction be denied. The defendant's contention in the motion to dismiss is that the felon in possession statute, 18 U.S.C. § 922(g), no longer bears sufficient nexus to interstate commerce to fall within the enumerated

powers of the federal government, in light of Jones v. United States, 529 U.S. 848 (2000); United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995).

The Magistrate Judge stated that this argument has been squarely rejected by the Eighth Circuit Court of Appeals in United States v. Gary, 341 F.3d 829, 835 (8th Cir. 2003), and therefore is without merit. The Magistrate Judge is correct. The Eighth Circuit has held on several occasions that the statute represents a valid exercise of Congress's power under the Commerce Clause. See United States v. Leathers, 354 F.3d 955, 959 (8th Cir.), cert. denied, 543 U.S. 844 (2004) (rejecting argument that 18 U.S.C. § 922(g)(1) is unconstitutional as applied because the application would exceed Congress' Commerce Clause power); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002) (same); United States v. Bateman, 119 F. App'x 17, 18 n.2 (8th Cir. 2004) (same).

**B. Findings of Fact**.

1. Manner of Possessing Firearms

Defendant objects to the Magistrate Judge's finding that, "The agents also told the judge in the affidavit that based on their experience investigating firearms violators and violations, persons who possess firearms *in this manner* often possess them for a period of many years and do not dispose of them." (Emphasis added). Defendant argues that no testimony was given regarding this statement at the evidentiary hearing, and that the actual affidavit states in paragraph 9, "Based upon my training and experience, and the training and experience of associated agents, I believe it is common for individuals who possess firearms to tend to possess firearms for periods of many years." Defendant asserts that there was no evidence as to the "manner" in which he allegedly possessed firearms, yet the Magistrate Judge found by a preponderance of the evidence that defendant possessed the firearms in some "manner" that would reasonably lead the officers to believe that he maintained possession of them for a period of many years and was still in possession of them.

The Magistrate Judge's finding is supported by the record. Paragraph 6 of the Application and Affidavit for Search Warrant submitted in October 2006 states that an individual who had contact with defendant at his prior residence in Jefferson County, Missouri in November 2005 observed pistols, shotguns and sawed-off shotguns displayed on many walls in defendant's residence. It was reasonable for the Magistrate Judge to infer that if defendant displayed multiple firearms on the walls of his residence, he was a weapons collector or enthusiast and would be likely to retain possession of the firearms. See United States v. Maxim, 55 F.3d 394, 397 (8th Cir.) (noting evidence that firearm enthusiasts tend to hold onto firearms for long period of time, as long as ten or twenty years), cert. denied, 516 U.S. 903 (1995). The Court concurs in and adopts the Magistrate Judge's factual finding.

### 2. Whether Defendant Stepped Back From the Door

Defendant objects to the Magistrate Judge's finding that defendant stepped back in order to allow the officers to enter his home, thus giving implied consent to enter. In particular, the Magistrate Judge found, "As the Defendant opened the door, he took a step back from the door allowing room for a person to enter the foyer area of his home." Mem. at 4. The Court finds that this fact is supported by the evidence presented at the hearing. Special Federal Officer Eaton testified that when defendant opened the door to his residence, he was standing far back enough for Eaton to enter. Transcript of Evidentiary Hearing of Dec. 12, 2006 ("Tr."), at 31, 72-73. Defendant testified, "The way the door opens up as you are opening the door, you have to step back, and before the door was completely opened, the agent already had his foot in my 3 by 3 foot foyer, sir." Tr. at 135. The record supports the finding that defendant opened the door in response to the officers' knocking, and stepped back as he did so. The Court therefore concurs in and adopts the Magistrate Judge's factual finding that defendant gave implied consent for the officer to enter.

3. Defendant's Statement Concerning Shotguns and Rifles

Defendant objects to the Magistrate Judge's finding that defendant told the officers that he had "shotguns and rifles" in the residence. The Magistrate Judge found that SFO Eaton asked defendant if "there was a particular reason that he did not want them to look through the house for the fugitive," and defendant answered that he "had weapons in the house and did not want people walking around where the weapons were located." Recommendation at 5. Eaton asked defendant what kind of weapons he had, and defendant answered, "shotguns and rifles." Id.

The Magistrate Judge's finding is based on a credibility determination. SFO Eaton unequivocally testified that defendant stated he had "shotguns and rifles" in the residence, Tr. at 34, and defendant and his wife unequivocally testified that he did not make this statement, Tr. at 105, 129. The Magistrate Judge made a specific credibility determination based on the demeanor, interests, and backgrounds of the witnesses, including defendant's prior conviction for a crime of deceit, as well as the logical consistency and context of the witnesses' statements. For example, the Magistrate Judge found it believable that defendant testified he had shotguns and rifles, because he also testified that he believed he could lawfully possess weapons because he had been told so by a Jefferson County Sheriff's Deputy, and personnel from the Jefferson County Sheriff's Department were present on the scene. Upon de novo review, the Court concurs in and adopts the Magistrate Judge's factual finding.

4. Good Faith on the Part of Officers

Defendant objects to the Magistrate Judge's finding that SFO Eaton acted in good faith when he believed that defendant's admission that he had shotguns and rifles in the residence (1) gave Eaton probable cause to arrest defendant without a warrant, and (2) was the equivalent of actually observing firearms, thus triggering the anticipatory search warrant. Defendant asserts that the language of the

search warrant was clear that it was to be executed only after the officers observed firearms or ammunition, Eaton did not observe firearms or ammunition before executing the warrant, and there can be no good faith in disobeying a clear court order. Defendant also objects to the Magistrate Judge's finding that although Eaton testified that (1) he believed the warrant's triggering event had occurred when defendant made the "shotguns and rifles" statement, and (2) he was executing the search warrant in going through the house, Eaton was actually doing a protective sweep and while conducting that sweep he *then* observed firearms and was able to execute the search warrant. Defendant states that "[i]t a legal impossibility to both execute a search warrant and conduct a protective sweep." Objections at 6. Defendant contends that because Eaton testified he was executing the warrant, the actions cannot be deemed a protective sweep that triggered execution of the warrant. Id.

SFO Eaton testified on direct examination that upon defendant's admission that he possessed firearms, he believed that defendant was a felon in possession of firearms and immediately placed defendant under arrest, Tr. at 34, and that a protective sweep of the residence was done in connection with the arrest for purposes of the officers' safety. Id. at 39-40. Eaton also testified that he believed defendant's admission triggered the anticipatory search warrant. Id. at 39, 46-47. Eaton walked across the living room of the residence, went down the hallway and looked quickly into the adjacent rooms. Id. at 41. In the first room, the computer room, Eaton observed firearms hanging on the walls. Id. Eaton testified on cross-examination that after defendant made the "shotguns and rifles" statement, Eaton placed him under arrest, executed the search warrant, and did a protective sweep. Tr. at 49-50.

Once defendant made the admission that he had firearms in the residence, Eaton was justified in placing him under arrest, and a protective sweep of the residence was proper for the officers'

5

safety. The protective sweep was justifiable as incident to the defendant's arrest and as a precursor to the execution of the search warrant. Moreover, the Magistrate Judge's factual findings are supported by the record. Although Eaton testified that he "executed" the warrant at the time the defendant said that firearms were in the residence, he also testified that he handed the warrant to the defendant after the statement was made. Tr. at 50. Eaton testified unequivocally that a protective sweep occurred based on defendant's arrest, and that this protective sweep occurred immediately after defendant was arrested and before any firearms had been observed or seized. Tr. at 39. Eaton first observed the firearms during the protective sweep pursuant to the arrest, and prior to true execution of the warrant in terms of the officers searching the residence for and taking control of firearms, ammunition and other items in the residence. The Court therefore concurs in and adopts the Magistrate Judge's factual finding.

5. <u>Threats and Intimidation</u>

Defendant objects to the Magistrate Judge's finding that he was not threatened or intimidated and that the officers did not make threats or promises to him. The Magistrate Judge's finding is supported by defendant's testimony that he was handcuffed "gently" and seated on the couch and then at the kitchen table with his wife. SFO Eaton testified that defendant was "very congenial" and "very nice" and it was a "normal business type exchange." Tr. at 59. Mrs. Bosch testified that the officers did not raise their voices or threaten the defendant. <u>Id.</u> at 111-12. Defendant testified that he was not mistreated or threatened during the arrest. <u>Id.</u> at 141. Defendant also testified concerning his experience with the legal system, <u>id.</u> at 129, 131-33, that he understood his rights not to talk to officers without an attorney present, and to have his home searched only with a warrant based on probable cause, <u>id.</u> at 140, and that he was not surprised by the officers' ruse because he had been

lied to by the police before. Id. at 133-34. The Magistrate Judge observed that based on defendant's demeanor at the evidentiary hearing, he was no "shrinking violet." Mem. at 18.

The Court notes that defendant testified he was told by Eaton that if defendant threatened a federal witness, Eaton would "bury [him] underneath the prison." Tr. at 128. Defendant also testified that he was intimidated by Eaton's loud authoritative voice, id. at 136, and by the officers coming into his residence with guns. Tr. at 130. The Magistrate Judge was free to disbelieve defendant's testimony, based on defendant's demeanor, his prior experience with the legal system, his ability to articulate his legal rights, as well as the credibility factors discussed above in Section A.3. The Court concurs in and adopts the Magistrate Judge's finding.

6. Defendant's Statements to SFO Gary

Defendant objects to the finding that he "made several statements to [SFO Wesley] Gary that did not come in response to any questions by Gary or anyone else." Mem. at 7. Defendant contends that this finding is inconsistent with a subsequent finding that "a Jefferson County Deputy Sheriff came into the kitchen and asked the defendant if there were anymore [sic] firearms in the house." Mem. at 8.

SFO Gary testified that as he was watching the defendant while the search was going on, the defendant initiated conversation with a special agent, asking whether his trailer home would be seized and whether his wife would be arrested, and stating that all of the firearms were his although they were not registered in his name, and that he thought he could possess the firearms because he was able to vote. Tr. at 84, 86. Gary testified that subsequently, a Jefferson County Sheriff's Deputy asked defendant if there were more weapons in the residence, at which time Defendant stated he was not answering additional questions without an attorney. Tr. at 82-83, 85. Then, approximately

7

twenty or thirty minutes after defendant asserted his rights, defendant initiated a conversation with Agent Gary and advised him of the location of a nearby pistol. Tr. 85-86.

Based on the clear record, the Magistrate Judge's findings are not inconsistent, but rather are correct. The Court therefore concurs in and adopts the Magistrate Judge's finding.

7. Crediting of Eaton's and Gary's Testimony

Finally, defendant objects to the Magistrate Judge accepting the testimony of SFOs Eaton and Gary in its entirety and rejecting the portion of defendant's and Mrs. Bosch's testimony that conflicted with the officers' testimony. The Magistrate Judge's determination was based upon the credibility factors discussed above. Based upon this Court's de novo review of the entire record, the Court concurs in and adopts the Magistrate Judge's crediting of SFO Eaton and Gary's testimony and rejecting of defendant's and Mrs. Bosch's conflicting testimony.

**C. Conclusions of Law**.

Defendant also filed objections to the Magistrate Judge's conclusions of law. Specifically, defendants objects to the Magistrate Judge's conclusions that: (1) the initial entry into defendant's home was by defendant's consent and was therefore lawful; (2) defendant was not in custody during initial inquiries by the officers prior to the home being searched, and therefore defendant's statements in response to the initial inquiries were non-custodial and voluntarily made; (3) defendant's arrest was based on probable cause and was lawful; (4) the protective sweep conducted by the officers was based on reasonable suspicion and was lawful; (5) the search warrant was based on probable cause and was properly executed; and (6) defendant's statements made to SFO Gary following his arrest and during execution of the search warrant were voluntary and not made in response to any questions, and therefore are admissible. Defendant also objects to the officers' use of a ruse in this case.

Upon de novo review, the Court concurs in each of the Magistrate Judge's conclusions of law, based on the thorough and well-reasoned legal analysis set forth in the Memorandum of United States Magistrate Judge. Each of the Magistrate Judge's conclusions is supported by the facts in the record as discussed above, and by citation to relevant supporting legal authority.

**Conclusion**.

The Court has carefully and independently reviewed the full record, and has read the transcript of the evidentiary hearing held in this matter on December 12, 2006. The Court is in full agreement with the stated rationale of the Magistrate Judge's recommendation, and will adopt the same.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that the objections of defendant Paul Bosch are overruled. [Doc. 47]

**IT IS FURTHER ORDERED** that the Memorandum and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 37]

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction, Motion to Suppress Statements, and Motion to Suppress Evidence are **DENIED**. [Doc. 20, 18, 19]

**IT IS FURTHER ORDERED** that the government's motion for leave to file a response in excess of fifteen pages is **DENIED as moot**. [Doc. 26]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of April, 2007.